IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| CHARLES F. KANTORIK, | : | Bankruptcy No. 10-29069-JAD |
| Debtor, | : | Chapter 7 |
| _____ | X | |
| THOMAS T. GOOD, | : | Adversary No. 11-2193JAD |
| Plaintiff, | : | |
| - vs - | : | Doc. No. 17 |
| CHARLES F. KANTORIK, | : | |
| Defendant. | : | |
| _____ | X | |

**MEMORANDUM OPINION**

The matter before the Court is *Motion for Summary Judgment* (the "*Motion*") filed by Thomas T. Good (the "Plaintiff"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A),(J) and (O). For the reasons set forth below, the Plaintiff's *Motion for Summary Judgment* will be denied.

**I.**

On April 6, 2011, the Plaintiff filed the instant adversary proceeding objecting to the discharge of Charles F. Kantorik (the "Debtor") pursuant to 11 U.S.C. § 727(a)(2)(A). The Plaintiff insists that denial of the discharge is appropriate because the Debtor "has engaged in a pattern of conduct whereby he has fraudulently transferred funds, assets, and earnings, to his wife and son, in an effort to avoid enforcement of a judgment against

him by the Plaintiff." (See Adversary No. 11-02193-JAD, Doc. #1, *Complaint Objecting to Discharge of Debtor*, ¶ 4). Specifically, the Plaintiff alleges that since 2003 the Debtor has effectively frustrated the Plaintiff's attempts to collect on a judgment against the Debtor by: a) not maintaining any bank accounts in his name, b) transferring clients, files and accounting work to his wife and son without receiving any value in return, c) transferring income generated by his own accounting work to his wife and son, and d) turning over checks for work that he performed to his wife and son in exchange for cash. (See id. at ¶ 5).

The Plaintiff insists that the Debtor's alleged conduct ultimately lead the Plaintiff to file a petition to authorize garnishment of bank accounts maintained by the Debtor's wife and son in the Court of Common Pleas in Fayette County. Seeking to support his garnishment action, the Plaintiff deposed the Debtor, the Debtor's wife (Dorothy E. Kantorik), and the Debtor's son (Charles R. Kantorik) on December 30, 2009. (See Doc. #17, Exhibits A, B and C). While the garnishment action was under consideration, the Debtor filed the instant bankruptcy proceeding on December 27, 2010 (the "Petition Date"). On Schedule F of his bankruptcy petition, the Debtor listed an unsecured claim in the amount of $26,631.98 arising out of a judgment in favor of the Plaintiff. Plaintiff now alleges that the Debtor's conduct, both prior to his December 30, 2009 deposition, and through the Petition Date, merits a denial of the discharge.

After the instant adversary proceeding was filed, a *Joint Discovery Plan* was submitted wherein the parties agreed that no discovery was needed and waived their rights to serve interrogatories, serve requests for admission and take depositions. (See Doc. #12, ¶¶ 2, 6, 7 and 8). On July 8, 2011, the Plaintiff submitted his *Motion* attaching only the transcripts of the depositions taken December 30, 2009. (Doc. #17).

At a September 6, 2011 hearing on the *Motion*, neither party submitted any additional evidence. However, subsequent to the hearing, the Debtor filed an *Affidavit* with the Court stating that he had not deposited any checks made payable to him, into either his wife or son's bank accounts and that he not transferred any property with the intent to hinder, delay or defraud a creditor within one year of the Petition Date. (Doc. #37).

## II.

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, applicable in adversary proceeding through Fed R. Bankr. P. 7056. See In re Shenango Group, Inc., 186 B.R. 623, 625 (Bankr. W.D. Pa. 1995). Summary judgment shall be entered if the pleadings, depositions, supporting affidavits, answers to interrogatories and admissions of record demonstrate that no genuine issues of material facts exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "has the initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact. . . ." Rosen v. Bezner, 996 F.2d 1527, 1530 (3d Cir. 1993) (quoting J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990) cert. denied, 113 L. Ed. 2d 246, 11 S. Ct. 1313 (1991)). When deciding a motion for summary judgment, the court must construe the facts presented in the light most favorable to the non-moving party. Roeder v. Lockwood (In re Lockwood Auto Group, Inc.), 428 B.R. 629, 634 (Bankr. W.D. Pa. 2010) (citing United States v. Isley, 356 F.Supp.2d 391 (D.N.J. 2004)).

A.

To prevail on a claim for denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A), the Plaintiff "must prove that: (1) the debtor; (2) transferred or concealed; (3) debtor's property; (4) with intent to hinder, delay, or defraud a creditor; (5) within one year prior to the bankruptcy filing." Seedling Landscaping & Design, Inc. v. Fryer (In re Fryer), 288 B.R. 193, 199 (Bankr. W.D. Pa. 2003) (citing In re Kontrick, 295 F.3d 724, 736 (7th Cir. 2002)). The Debtor insists that the Plaintiff's *Motion* must be denied as the Plaintiff has failed to identify any evidence that the Debtor transferred or concealed any property *within one year* of the Petition Date.

The only items that the Plaintiff offers in support of his *Motion* are the transcripts of the depositions taken December 30, 2009. Because the Debtor's Petition Date was December 27, 2010, the Plaintiff must demonstrate that no genuine issue of material fact exists with regard to whether the Debtor transferred or concealed some interest in property, with improper intent, within three days prior to the taking of the depositions. In the *Motion*, the Plaintiff identified several portions of the deposition transcripts which purportedly contain admissions of fraudulent transfers. (Doc. #17, ¶¶ 12-20). Unfortunately for the Plaintiff, a careful review of the deposition transcripts does not reveal any transfers or acts of concealment occurring during this three day period.

For example, the Plaintiff alleges that the Debtor has concealed assets by causing the Debtor's wife to use her own bank account to pay the Debtor's office expenses and by depositing the Debtor's funds into her account. (Doc. #17, ¶ 12). However, when reviewing the referenced portion of the transcript in context, it appears to the Court that the activity described referred to an arrangement for paying bills at an office location last used by the couple in 2006. (Doc. #17, "Exhibit C", pp. 12-19). Plaintiff also alleges that

the Debtor's son receives fees for work that the Debtor has personally bid and performed. (Doc. #17, ¶ 14). However, upon reviewing the Debtor's transcript, the only projects specifically mentioned were for Dunbar Borough and the City of Uniontown, neither of which could be specifically linked to three day period prior to the depositions. (Doc. #17, "Exhibit A", pp.12, 22-23).

At the hearing on the Motion, Counsel for the Plaintiff was asked to specifically identify any passages in the deposition transcripts that would constitute admissions of transfers occurring within one year of the Petition Date. (See Audio Recording of Hearing Held in Courtroom D September 6, 2011, (10:30 - 10:31 AM)). Counsel for the Plaintiff highlighted the Debtor's deposition transcript at page 9, line 5 where the Debtor answered that he did not receive payment from his son's business for work that the Debtor performed, but rather the Debtor kept his share and gave his son "what [the Debtor] thought he was entitled to." (See id. at (10:30 - 10:32 AM) (quoting Doc. 17, "Exhibit A", p. 9 ln. 5)). Counsel also cited to page 10, line 23 of the Debtor's transcript where the Debtor admitted to exchanging checks made payable to him for work that he had performed for cash from the cash drawer at his son's business. (See id. at (10:32 - 10:33 AM)). However, reading each of these passages in the full context of the deposition transcript, there is absolutely no indication as to exactly when this type of activity occurred. In fact, Counsel admitted that he was not capable of pointing to any portion of the Debtor's transcript that would evidence any transfer occurring within the one year period prior to the Petition Date. (See id. at (10:32 - 10:33 AM)).

The Plaintiff has failed to point to any admission that a transfer of the Debtor's property that occurred within one year of the filing of the Debtor's bankruptcy petition. Conversely, the Debtor has filed an *Affidavit*, wherein the Debtor declares under penalty

of perjury that he has not deposited any checks payable to him into his wife or son's checking accounts within one year prior to the Petition Date. (See Doc. #37). As a result, this Court finds that the Plaintiff has failed to meet his initial burden that no genuine issue of material fact exists with regard to whether any fraudulent transfers occurred within one year of the Petition Date.

### B.

Alternatively, the Plaintiff argues that summary judgment is appropriate under the "continuous concealment" doctrine. Plaintiff alleges that the even if the Debtor did not transfer property within one year of the Petition date, denial of the discharge is appropriate because the Debtor has admittedly engaged in act to conceal his property prior to the one year period, and the Debtor's concealment and intent to defraud continued into the one year period. (See Doc. #26, *Brief in Support of Motion for Summary Judgment*, pp. 11-12). The continuous concealment doctrine has two critical elements: 1) the Debtor concealed a property interest; and 2) the concealment continued, motivated by an improper intent, into the one year period prior to the bankruptcy filing. See Rosen, 996 F.2d at 1531. Based on the current state of the record, Plaintiff's continuing concealment theory must fail as there appear to be questions of material fact with regard to each of the two elements.

Regarding the first element, there is no indication in the record that the Debtor has admitted to "concealing" any property interest. The Plaintiff argues that the concealment arose through the Debtor's diversion of all of his assets to bank accounts maintained by the Debtor's wife and son for the purpose of hindering the Plaintiff's collection activities. (See Audio Recording of Hearing Held in Courtroom D September 6, 2011, (10:34 - 10:36 AM)). However, concealment can only exist if there is some secret interest in the property

maintained by the Debtor.  Rosen, 996 F.2d at 1532 (citing cases).  Thus far, the Plaintiff has failed to highlight any place in the record where the Debtor has admitted to maintaining some interest or right to the assets that he allegedly transferred to his wife or son.  To the contrary, counsel for the Plaintiff admits that the Debtor was quite open during his deposition regarding the disposition of his assets.  (See Audio Recording of Hearing Held in Courtroom D September 6, 2011, (10:36 - 10:38 AM)).  Therefore, the Plaintiff has failed to successfully assert that no genuine issues of material fact exist with regard to what property interest, if any, the Debtor has concealed.

With regard to the second element, there does not appear to be anything of record that indicates whether the Debtor continued to conceal a property interest with the intent hinder, delay or defraud creditors within one year of the Petition Date.  While subjective intent is difficult to prove, it "may be established by circumstantial evidence or inferred from the debtor's conduct." Costa Transports, Inc. v. Last (In re Last), 440 B.R. 642, 649 (Bankr. D.N.J. 2010) (citing cases, including Scimeca v. Umanoff, 169 B.R. 536, 542-43 (D.N.J. 1993)).  In the instant matter, the Plaintiff has failed to ascribe any of the Debtor's acts to the period within one year of the Petition Date.  Because the Plaintiff has opted to rely solely on the deposition transcript, the Court is faced with an entirely blank record for the 365 day period prior to the Petition Date.  Therefore, there is nothing to indicate that the Debtor maintained the requisite intent to hinder, delay or defraud the Plaintiff into the one year period prior to the Petition Date.

*[Remainder of Page Intentionally Left Blank]*

## III.

The Plaintiff has failed to meet his initial burden of identifying some evidence that no genuine issues of material fact exist with regard to each of his theories for relief. First, the Plaintiff cannot identify any fraudulent transfer occurring within one year of the Petition Date from the state of the record. Second, the Plaintiff's theory of recovery under the continuing concealment doctrine must fail because the Plaintiff has not identified any specific property which the Debtor has "concealed," and has not pointed to any admission which is suggestive of the Debtor's intent to hinder delay or defraud his creditors continuing into the one year period prior to the Petition Date. An order consistent with this *Memorandum Opinion* shall be issued by the Court.

Date: <u>December 15, 2011</u>          <u>  /s/ Jeffery A. Deller    </u>
                                        **JEFFERY A. DELLER**
                                        U.S. Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Andrew M. Gross, Esq.
    Anthony S. Dedola, Jr., Esq.
    Robert H. Slone, Esq.
    Office of the U.S. Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| CHARLES F. KANTORIK, | : | Bankruptcy No. **10-29069-JAD** |
| Debtor, | : | Chapter 7 |
| _____ | X | |
| | : | |
| THOMAS T. GOOD, | : | Adversary No. **11-2193JAD** |
| Plaintiff, | : | |
| - vs - | : | Doc. No. **17** |
| CHARLES F. KANTORIK, | : | |
| Defendant. | : | |
| _____ | X | |

## ORDER

**AND NOW**, this **15th** day of **December**, **2011**, for the reasons expressed in the *Memorandum Opinion* entered this date, the Court hereby **ORDERS**, **ADJUDGES** and **DECREES** as follows:

1. The Plaintiff's *Motion for Summary Judgment* is **DENIED**; and

2. A **Status Conference** on the *Complaint Objecting to Discharge of Debtor*, is scheduled for **Tuesday, January 17, 2012**, at **10:00 AM** in **Courtroom D, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219**.

                                                        /s/ Jeffery A. Deller
                                               **JEFFERY A. DELLER**
                                               U.S. Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Andrew M. Gross, Esq.
    Anthony S. Dedola, Jr., Esq.
    Robert H. Slone, Esq.
    Office of the U.S. Trustee

00006798.WPD